**Laurence Wilson CROW, Plaintiff,**

v.

**STATE OF NORTH CAROLINA, Defendant.**

**No. C–C–83–0809–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 27, 1986.

See also 575 F.Supp. 893.

Peter H. Gerns, Charlotte, N.C., for plaintiff.

Isaac T. Avery, III, Sp. Deputy Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., Jean A. Benoy, Deputy Atty. Gen., Forest City, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Defendant's Motion to dismiss the Plaintiff's Petition for Injunction on the ground, *inter alia,* that the Complaint no longer states a justiciable case or controversy as required by Article III of the United States Constitution.

On October 1, 1983, the Plaintiff was arrested for driving under the influence of alcohol in violation of N.C.Gen.Stat. § 20–138.1. Because a chemical analysis of his breath indicated that he had an alcohol concentration of 0.18, the Magistrate before whom the Plaintiff appeared ordered that he surrender his driver's license for a ten-day period pursuant to N.C.Gen.Stat. § 20–16.5 (effective October 1, 1983). The Plaintiff accordingly surrendered his license, which was returned to him ten days later upon his payment of $25.00 to the Clerk of Superior Court.

The Plaintiff filed his Petition for Injunction in this Court on October 5, 1983, requesting that the Court declare N.C.Gen. Stat. § 20–16.5 unconstitutional and that the State be enjoined from withholding his driver's license pursuant to that statute. This Court abstained from deciding the constitutionality of the challenged statute while the parties returned to the North Carolina courts for resolution of the state constitutional questions involved.

The Plaintiff did not obtain the results he desired in the North Carolina courts. He has, therefore, returned to this Court seeking a declaration that the statute providing for automatic revocation of a person's driver's license when that person is charged with driving while impaired and chemical

analysis shows he has an alcohol concentration of 0.10 or more is unconstitutional.

Article III of the United States Constitution requires that those who seek to invoke the power of federal courts must allege an actual case or controversy. *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). As the United States Court of Appeals for the Fourth Circuit has noted,

> [t]he existence of a case or controversy within this constitutional concept "depends upon whether the persons seeking relief have alleged a sufficient personal stake in the outcome to assure that the court will be called upon to resolve real issues between genuine adversaries rather than merely to give advisory opinions with respect to abstract or theoretical questions." *Abele v. Markle,* (2d Cir. 1971) 452 F.2d 1121, 1124. Specifically, "the constitutionality of laws may be challenged only by those litigants who will suffer some actual injury from their enforcement, as distinguished from a remote, general, or hypothetical possibility of harm." *Id.*

*Fowler v. Alexander,* 478 F.2d 694, 696 (4th Cir.1973).

The Plaintiff's Petition for Injunction presented a case or controversy when it was originally filed in this Court. At the present time, however, the Plaintiff's license is no longer in a state of revocation, and the likelihood that he will run afoul of the challenged statute again is remote and speculative. As was the case in *Fowler, supra,* "it is rather plain he is not seeking protection against any real probability of present or future enforcement of the [statute] against him, but seeks to express his resentment against [its] past use against him." 478 F.2d at 696. The mere fact that he suffered the adverse effects of N.C.Gen. Stat. § 20–16.5 in October 1983 does not give him standing to challenge the statute now. *Id.* at 697.

Having decided that the Plaintiff does not have any standing to challenge the statute, the Court does not reach the question of the constitutionality. Since there is no justiciable controversy for the Court to decide, the Court is of the opinion that the Defendant's Motion to dismiss the Plaintiff's Petition should be GRANTED.